Aaron M. McKown (SBN 208781)
William P. Cassidy Jr. (SBN366506)
Giovanna Castro-Kalagian (SBN 359634)
**McKOWN BAILEY**
520 Newport Center Drive, Suite 470
Newport Beach, California 92660
Telephone:  (949) 858-3200
Email:  aaron@mckownbailey.com
         wcassidy@mckownbailey.com
         giovanna@mckownbailey.com

Attorneys for Plaintiff
CHUBBY CATTLE INTERNATIONAL, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUBBY CATTLE INTERNATIONAL, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CHONKY COW CONCORD, LLC, a California limited liability company; HAYWARD CHONKY COW, LLC, a California limited liability company; CHONKY COW SAN JOSE, LLC, a California limited liability company; AY ENTERPRISE GROUP, LLC, a California limited liability company; JC RESTAURANT INVESTMENT, LLC, a California limited liability company; PL INVESTMENT GROUP, LLC, a California limited liability company; ANDY YANG, a California resident; PETER LIN, a California resident; DE JUN WANG, a California resident; and TIAN HONG ZHANG, a California resident,<br><br>Defendants. | Case No.: 3:26-cv-8089<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**<br>**(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**<br>**(3) INVALIDATION OF TRADEMARK APPLICATION UNDER 15 U.S.C. § 1119**<br>**(4) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br>**(5) UNLAWFUL BUSINESS PRACTICES (CAL. BUS. & PROF. CODE § 17200 ET SEQ.)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chubby Cattle International, LLC ("Plaintiff" or "Chubby Cattle"), by and through its undersigned attorneys, brings this Complaint against Defendants Chonky Cow Concord, LLC, Hayward Chonky Cow, LLC, Chonky Cow San Jose, LLC, AY Enterprise Group, LLC, JC Restaurant Investment, LLC, PL Investment Group, LLC, Andy Yang, Peter Lin, De Jun Wang, and Tian Hong Zhang (collectively "Defendants") and alleges:

**NATURE OF THE ACTION**

1.      This is an action in both law and equity for trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), for invalidation of Defendants' trademark application pursuant to 15 U.S.C. § 1119, for common law trademark infringement and unfair competition, and for violations of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 et seq.

2.      As set forth below, Plaintiff is an industry-leading restaurant and hospitality group with more than 80 restaurants under its ownership, management, and operation throughout the United States, including in California, Colorado, Florida, Georgia, Hawaii, Illinois, Nevada, New York, Pennsylvania, Texas, and Washington.  Plaintiff's restaurant group consists of various well-known brands, including Mikiya, Niku X, The X Pot, Wagyu House, Chubby Cattle Wagyu Supply, LLC, Chubby Bowls, and other related restaurant, supply-chain, and fast-casual businesses.

3.      Plaintiff's flagship business is a chain of 31 opened and/or planned restaurants under the CHUBBY CATTLE trade name (the "Trade Name") that have become known as the nation's leading unlimited (i.e. all-you-can-eat), wagyu BBQ restaurant.  In conjunction with Plaintiff's operation of the CHUBBY CATTLE restaurants, Plaintiff obtained federal trademark registrations for CHUBBY CATTLE (Registration Nos. 7,651,169, 7,651,170) for four different Classes of Goods/Services, including for Restaurant Services (the "Trademarks").

4.      In addition to the word marks, Chubby Cattle also adopted and has used a distinctive logo in conjunction with its word mark to promote its goods and services that consists of the word CHUBBY CATTLE in gold writing (with Japanese letters for CHUBBY CATTLE below) that are bookended with gold cattle horns laid on top of a jet black background (the "Logo"):

1



5.    In late 2023, Defendant Andy Yang ("Yang") and Plaintiff entered into a joint venture for Yang to operate two of Plaintiff's Mikiya-branded restaurants in Northern California through his company, Defendant AY Enterprise Group, LLC ("AY").  As a result, Yang was fully aware since at least 2023 that Plaintiff had adopted and had been using the CHUBBY CATTLE trademark in commerce.

6.    In October 2025, Plaintiff discovered for the first time that Yang and AY had leased a commercial property in Dallas, Texas that Plaintiff had been considering for one of its CHUBBY CATTLE-branded restaurants and that Yang and AY intended to use the trade name CHONKY COW.  Plaintiff also discovered at that time that Yang, through AY, had submitted a federal trademark application on October 9, 2025 for CHONKY COW in the same Class of Goods as CHUBBY CATTLE for Restaurant Services.  The word mark submitted by AY to the USPTO included a logo in conjunction with AY's word mark to promote its goods and services that consists of the word CHONKY COW in gold writing along with gold cattle horns laid on top of a jet black background substantially similar to Plaintiff's (the "Infringing Logo"):



2

COMPLAINT

7. Since October 2025, Yang, through AY, conspired with Peter Lin ("Lin"), De Jun Wang ("Wang"), and Tian Hong Zhang ("Zhang"), through their respective companies, JC Restaurant Investment, LLC ("JC") and PL Investment Group, LLC ("PL"), to willfully infringe and misappropriate, and continue to willfully infringe and misappropriate, Plaintiff's Trademarks, Logo, and Trade name in an effort to pass off their restaurant services as that of Plaintiff's so as to capitalize off of goodwill associated with Plaintiff's CHUBBY CATTLE mark and to otherwise unfairly compete with Plaintiff, including not only through the adoption and using of the confusingly similar CHONKY COW trademark (the "Infringing Trademark"), but also through their establishment of at least three entities to operate three restaurants in Northern California: Defendants Chonky Cow Concord, LLC ("Chonky Cow Concord"), Hayward Chonky Cow, LLC ("Chonky Cow Hayward"), and Chonky Cow San Jose, LLC ("Chonky Cow San Jose") (the "Infringing Restaurants"). These activities will continue unless enjoined by this Court.

8. Accordingly, Plaintiff brings this action seeking injunctive and monetary relief against Defendants for their willful infringement and misappropriation of Plaintiff's intellectual property.

**THE PARTIES**

9. Plaintiff Chubby Cattle is a limited liability company organized under the laws of Nevada. Plaintiff is the owner of a group of 31 opened and/or planned restaurants that utilize the CHUBBY CATTLE mark in commerce and is the registered owner of the Trademarks.

10. Defendant Chonky Cow Concord is a California limited liability company formed by Yang on February 3, 2026 for the purpose of operating a restaurant in Concord, California under the CHONKY COW trade name (the "Infringing Trade Name") using the Infringing Trademark.

11. Defendant Chonky Cow Hayward is a California limited liability company formed by Yang, Lin, Wang, and Zhang, through their entities AY, PL, and JC, on February 13, 2026 for the purpose of operating a restaurant in Hayward, California under the Infringing Trade Name using the Infringing Trademark. AY, PL, and JC are all managers and members of Chonky Cow Hayward.

12. Defendant Chonky Cow San Jose is a California limited liability company formed by Yang on July 7, 2026 for the purpose of operating a restaurant in San Jose, California under the

3

COMPLAINT

Infringing Trade Name using the Infringing Trademark.

13.     Defendant AY is a California limited liability company with its principal business in the city of Fremont, California.  AY is a single member limited liability company owned and managed by Yang.

14.     Defendant JC is a California limited liability company with its principal place of business in Fremont, California owned by Defendants Wang and Zhang.

15.     Defendant PL is a California limited liability company with its principal place of business in Fremont, California owned by Defendant Lin.

16.     Defendant Yang is an individual residing in San Mateo County, California. Yang is the managing member and sole owner of AY.  Yang is also identified as the registered agent for service of process for Chonky Cow San Jose.

17.     Defendant Lin is an individual who, upon information and belief, resides in Contra Costa County, California and owner of PL.

18.     Defendant Wang is an individual who, upon information and belief, resides in Alameda County, California and co-owner of JC.

19.     Defendant Zhang is an individual who, upon information and belief, resides in Alameda County, California and co-owner of both JC.

20.     Yang, Lin, Wang, and Zhang are collectively referred to herein as the "Individual Defendants".  Chonky Cow Concord, Chonky Cow Hayward, Chonky Cow San Jose, AY, JC, and PL are collectively referred to herein as the "Entity Defendants."

21.     Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned in this Complaint, Defendants were the alter egos of each other and in doing the things alleged herein acted with the knowledge and consent of the others.

22.     As an alternative theory of liability, Plaintiff alleges that Defendants, and each of them, entered into a civil conspiracy to commit the actionable wrongs, in which Defendants, and each of them, participated in or in which they concurred, expressly or tacitly, with knowledge of its unlawful purpose and the harm it would inflict on Plaintiff in the manner alleged herein.

23.     At all relevant times, the Individual Defendants do, and at all relevant times

COMPLAINT

mentioned herein did, completely control, dominate, manage, and operate the Entity Defendants as their alter ego, such that any separateness among the Individual Defendants, on the one hand, and the Entity Defendants on the other has ceased to exist and recognition of the form of any one of them would operate as a sham because the Entity Defendants are nothing more than the alter egos of the Individual Defendants.

24.    At all relevant times, there exists, and at all relevant times there existed, a unity of interest and ownership among the Entity Defendants and the Individual Defendants such that any individuality and separateness and ownership between them has ceased.

25.    Each of the Entity Defendants is now, and at all relevant times mentioned herein was, a mere shell, instrumentality, and conduit through which the Individual Defendants carried on their infringement, unfair competition, and other tortious conduct as alleged herein, exercising complete control and dominance over the Entity Defendants that any individuality and separateness of the Individual Defendants from the Entity Defendants does not, and at all relevant times did not exist.

26.    The Individual Defendants are now, and at all relevant times mentioned herein were, using the assets of the Entity Defendants for personal use and intermingling assets, liabilities and obligations of the Individual Defendants.  Further, Individual Defendants have caused and continue to cause the assets of Entity Defendants to be transferred to and among each of them without adequate consideration, and have and continue to withdraw funds from the Entity Defendants' bank accounts for their personal use and gain.

**JURISDICTION AND VENUE**

27.    This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  This Court also has supplemental jurisdiction over Plaintiff's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

28.    This Court has personal jurisdiction over each of the Defendants because (a) Defendants have marketed, distributed, offered for sale, and/or sold services using the infringing and stolen intellectual property in the State of California; (b) Defendants regularly transact and conduct business within the State of California; and/or (c) Defendants have otherwise made or

established contacts within the State of California sufficient to permit the exercise of personal jurisdiction.

29.    This Court is a proper venue pursuant to 28 U.S.C. § 1391 because all of the Defendants reside in this District and because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District.

**PLAINTIFF AND ITS INTELLECTUAL PROPERTY**

30.    Plaintiff opened its first CHUBBY CATTLE restaurant in Las Vegas in 2015. Over the next decade, Plaintiff became one of the nation's premier restaurateurs focused on Asian-themed full service, quick service, and fast-casual restaurants and markets throughout the United States. Over that time, Plaintiff has experienced exponential growth with more than 70 restaurants under its ownership and management across 20 unique and well-known brands located in over 15 states.

31.    Plaintiff's exponential growth has been greatest in its flagship restaurant group known as CHUBBY CATTLE, which introduced experiential upscale Asian dining through an unlimited (i.e. all-you-can-eat) A-5 Wagyu BBQ, hotpot, and shabu concepts. As a result, there are currently 31 opened and/or planned CHUBBY CATTLE-branded restaurants in the United States.

32.    In recognition of Plaintiff's meteoric success in the restaurant industry, Forbes named Plaintiff's founder, Dawei Zhao, to its prestigious 30 Under 30 list.

33.    Plaintiff has continuously used the Trademarks, Logo, and Trade Name in commerce since 2015.

34.    On January 14, 2025, Plaintiff received a federal trademark registration for CHUBBY CATTLE in four classes, including Class 043 (Restaurant Services), for the word mark CHUBBY CATTLE (Registration No. 7,651,169).

35.    On January 14, 2025, Plaintiff received a federal trademark registration for CHUBBY CATTLE in Class 043 (Restaurant Services), which included both the word mark CHUBBY CATTLE in conjunction with the Logo (Registration No. 7,651,170).

**DEFENDANTS' INFRINGING AND WRONGFUL CONDUCT**

36.    In late 2023, Defendants Yang and AY entered into a joint venture relationship with Plaintiff whereby Yang and AY would function as the local operators for Plaintiff's Mikiya-branded

6

restaurants in Northern California. Plaintiff, AY, and Yang subsequently opened two Mikiya-branded restaurants together.

37. Based on the parties' joint venture relationship, AY and Yang became acutely aware of Plaintiff's extensive use and marketing of CHUBBY CATTLE-branded restaurants as well as the growth and success of those restaurants. AY and Yang further learned of the concept for the CHUBBY CATTLE restaurants as unlimited (i.e. all-you-can-eat) Wagyu BBQ full-service dining as well as the manner in which Plaintiff operates those restaurants.

38. As a joint venture partner with Plaintiff in certain Mikiya-branded restaurants, AY and Yang became aware that Plaintiff was evaluating a possible new leasehold location in Dallas, Texas for a CHUBBY CATTLE-branded restaurant. AY and Yang subsequently decided to create a confusingly similar brand for an identical concept of unlimited (i.e. all-you-can-eat) Wagyu BBQ full-service restaurants in order to directly compete with Plaintiff's CHUBBY CATTLE-branded restaurants. Specifically, in or about early October 2025, Yang and AY started using the trade name CHONKY COW for an unlimited Wagyu BBQ restaurant in the very location previously considered by Plaintiff:



COMPLAINT

39. At or about the same time, on October 9, 2025 AY submitted a federal trademark application for CHONKY COW UNLIMITED WAGYU BBQ (Serial No. 99/435,644) with full knowledge of the Trademarks, Logo, and Trade Name.

40. Plaintiff had no prior knowledge of AY and Yang's intent to use the Infringing Trademark, Infringing Logo, and Infringing Trade Name and at no time has Plaintiff ever consented to any such use. In fact, immediately after discovering Defendants' infringement, Plaintiff sent AY and Yang a cease and desist letter dated October 28, 2025 demanding that AY and Yang immediately cease and desist from continuing their use of the Infringing Trademark, Infringing Logo, and Infringing Trade Name. Neither AY nor Yang responded to this demand letter.

41. Instead, with full knowledge of Plaintiff's objection to AY's and Yang's continued use of the Infringing Trademark, Infringing Logo, and Infringing Trade Name, AY and Yang solicited partners to develop and open the Infringing Restaurants with the willful intent to infringe the Trademarks, the Logo, and the Trade Name.

42. Plaintiff is informed and believes, and thereon alleges, that all of the Defendants were fully aware of the Trademarks, Logo, and Trade Name, and that they knowingly and willfully adopted and repeatedly used, and continues to use, the Infringing Trademark, Infringing Logo, and Infringing Trade Name in promoting their restaurant services to the public with the intent to benefit from and palm off the goodwill of Plaintiff's intellectual property.

43. Both the Infringing Trademark, Infringing Logo, and Infringing Trade Name are confusingly similar to the Trademarks, Logo, and Trade Name:

 


Plaintiff's Mark & Logo          Defendants' Infringing Trademark & Infringing Logo

44. Defendants' conduct in adopting the Infringing Trademark, creating the Infringing Logo, and forming the Entity Defendants using the Infringing Trade Name after Plaintiff sent an infringement notice permits only one conclusion: Defendants intentionally misappropriated

8

Plaintiff's intellectual property in an attempt to pass off their restaurant services as that of Plaintiff and, in so doing, sought to trick customers and the public into believing that the Infringing Restaurants are affiliated with Plaintiff.  Defendants' willful infringement of Plaintiff's intellectual property rights has harmed and will continue to harm Plaintiff as well as the public who confusingly believe that Plaintiff's Chubby Cattle Restaurants and the Infringing Restaurants are and at all times have been the same company or are affiliated companies when they, in fact, are not.

45.    Indeed, even a Google search for "Chonky Cow Wagyu" confirms the confusion that has and will exist as a result of Defendants' infringement.  For example, when that search was conducted on October 28, 2025, Google provided the following results:



46.    When that same search was run on August 2, 2026, Google provided the following results:



9

COMPLAINT

47.    Plaintiff never authorized, consented to, licensed, assigned, sold, or transferred any of its intellectual property rights in the Trademarks, Logo, and Trade Name to any of the Defendants at any time.  In fact, Plaintiff immediately demanded that AY and Yang cease and desist their use of the Infringing Trademark, Infringing Logo, and Infringing Trade Name upon discovering Defendants' infringement.

48.    Plaintiff has been harmed by Defendants' unlawful business practices.

**FIRST CAUSE OF ACTION**

**(Trademark Infringement Under 15 U.S.C. § 1114**

**Against All Defendants)**

49.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

50.    Plaintiff owns all rights, title, and interest in and to the Trademarks, Logo, and Trade Name.  The Trademarks are valid and protectable marks.

51.    The Trademarks, one of which includes the Logo, are registered with the United States Patent and Trademark Office and are valid, subsisting, used in commerce, and inherently distinctive.

52.    The federal trademark registration covering the CHUBBY CATTLE word mark is Registration No. 7,651,169 for International Classes 9, 25, 35, and 43, and more specifically for downloadable digital image files of food authenticated by non-fungible tokens (Class 9), T-Shirts (Class 25), membership club services in the field of restaurant and bar services (Class 35), and Bar Services and Restaurant Services (Class 43).

53.    The federal trademark registration covering the CHUBBY CATTLE word and design mark is Registration No. 7,651,170 for International Class 43 (Restaurant Services).

54.    Plaintiff's rights in the registered Trademarks, Logo, and Trade Name predate any use in commerce by Defendants of the Infringing Trademark and Infringing Logo. More specifically, Plaintiff has used the Trademarks in connection with the relevant goods and services in U.S. commerce since at least as early as 2015, prior to Defendants' first trademark filing and Defendants' first use in commerce.

COMPLAINT

55.    The Infringing Trademark, Infringing Logo, and Infringing Trade Name, as used by Defendants, are confusingly similar to the federally registered Trademarks.  Defendants offer and/or plan to offer nearly identical restaurant services to those that Plaintiff already offers under its Trademarks, Logo, and Trade Name.

56.    Defendants have, without Plaintiff's permission or authorization, used the Infringing Trademark, Infringing Logo, and Infringing Trade Name in interstate commerce in a manner that has already caused and will likely cause further consumer confusion or deceive purchasers and/or cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship, or association between Plaintiff and its goods, services, and commercial activities, on the one hand, and Defendants and their goods, services, and commercial activities, on the other, and vice versa.

57.    Plaintiff is informed and believes, and thereon alleges, that Defendants' actions have actually confused consumers and created a significant risk of further consumer confusion.

58.    As a direct and proximate cause of Defendants' infringement, Plaintiff has suffered and continues to suffer damage by way of lost profits and marred business reputation and harm to the goodwill Plaintiff has developed in Plaintiff's Trademarks, Logo, and Trade Name over more than a decade.

59.    Unless restrained by this Court, Defendants will continue to use the Infringing Trademark, Infringing Logo, and Infringing Trade Name, or marks and names confusingly similar thereto, in a manner that causes Plaintiff irreparable harm.

60.    Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

61.    Plaintiff is entitled to recover actual damages that it has sustained and/or is likely to sustain as a result of Defendants' wrongful acts.

62.    Plaintiff is entitled to recover any gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.

63.    Because Defendants' wrongful actions are willful, Plaintiff is entitled to an award of exemplary damages at common law as well as trebled monetary relief, costs, and reasonable

11

COMPLAINT

attorneys' fees pursuant to 15 U.S.C. § 1117.

**SECOND CAUSE OF ACTION**

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)**

**Against All Defendants)**

64.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

65.     The acts of Defendants as described above constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66.     By virtue of having used and continuing to use the Trademarks, Logo, and Trade Name, Plaintiff has acquired valid and protectible rights in its mark, which date back to at least as early as 2014.

67.     Defendants' unauthorized use of a mark identical and/or confusingly similar to Plaintiff's Trademarks, Logo, and Trade Name is likely to cause confusion, mistake, or deception among consumers who will inaccurately believe that Defendants' goods, services, website, and/or internet domain names originate from, or are affiliated with, sponsored, approved, or endorsed by Plaintiff when, in fact, they are not, and vice versa.  Such association constitutes false designation of origin, in violation of 15 U.S.C. § 1125(a).

68.     Unless restrained by this Court, Defendants will continue to use the Infringing Trademark, Infringing Logo, and Infringing Trade Name, or marks confusingly similar thereto, which causes Plaintiff irreparable harm.

69.     Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

70.     Plaintiff is entitled to recover actual damages that it has sustained and/or is likely to sustain as a result of Defendants' wrongful act.

71.     Plaintiff is entitled to recover any gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.

72.     Because Defendants' wrongful acts were willful, Plaintiff is entitled to an award of

12

exemplary damages at common law as well as trebled monetary relief, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

### (Invalidation of Trademark Application Under 15 U.S.C. § 1119

### Against AY)

73.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

74.    On October 9, 2025, AY submitted a trademark application to the United States Patent and Trademark Office for CHONKY COW UNLIMITED WAGYU BBQ (Serial No. 99/435,644) in International Class 43 (Restaurant Services) (the "Application").

75.    The application has not yet been published for opposition let alone has it been registered yet by the USPTO.

76.    This Court has authority under 15 U.S.C. § 1119 to determine Defendant AY's right to registration of the Infringing Trademark covered by Defendant's Application, which are currently pending at the USPTO.

77.    The Infringing Trademark covered by Defendant's Application so resemble Plaintiff's Trademarks as to be likely to cause confusion, or to cause mistake, or to deceive consumers or potential consumers as to the source or origin of the parties' goods and services.

78.    Defendant's Application should therefore be refused registration under 15 U.S.C. § 1052(d).

79.    Pursuant to 15 U.S.C. § 1119, Plaintiff petitions the Court to issue an order certified to the Director of the USPTO to invalidate and refuse registration of Defendant's Application under 15 U.S.C. § 1052(d).

## FOURTH CAUSE OF ACTION

### (Common-Law Trademark Infringement and Unfair Competition

### Against All Defendants)

80.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

13

COMPLAINT

81.   Plaintiff continuously used the Trademarks, the Logo, and the Trade Name in commerce in connection with Plaintiff's services, including in connection with restaurant and bar services, since at least as early as 2014.  Accordingly, Plaintiff had long-established common law trademark rights in the Trademarks, Logo, and Trade Name.

82.   Defendants' unauthorized use in commerce of the Infringing Trademark, Infringing Logo, and Infringing Trade Name in association with Defendants' restaurant and bar services in the same geographic location (Northern California) constitutes infringement of Plaintiff's common law trademark rights, misappropriates the valuable goodwill developed by Plaintiff in the Trademarks, the Logo, and the Trade Name, and is likely to cause and will continue to cause confusion among the relevant consuming public for which Plaintiff has no adequate remedy at law.

83.   Defendants were fully aware of Plaintiff's use of and corresponding rights in the Trademarks, the Logo, and the Trade Name.  Defendants' acts as described herein, including using the Infringing Trademark, Infringing Logo, and Infringing Trade Name, which are virtually identical or, at least, confusingly similar the Trademarks, Logo, and Trade Name for identical or substantially similar goods and services in the same geographic area was and is likely to cause confusion and thus, constitute willful infringement of Plaintiff's rights in the Trademarks, the Logo, and the Trade Name.

84.   Defendants' acts of willful infringement of Plaintiff's rights in the Trademarks, the Logo, and the Trade Name have caused and, unless restrained, will continue to cause great and irreparable injury to Plaintiff and to the goodwill and reputation of Plaintiff in an amount that cannot be ascertained at this time, leaving Plaintiff without an adequate remedy at law.

85.   On information and belief, Defendants acted with full knowledge of Plaintiff's use of, registered and common law rights to, Plaintiff's Trademarks and without regard to the likelihood of confusion of the public created by Defendants' activities in using the Infringing Trademark, Infringing Logo, and Infringing Trade Name.

86.   Defendants' actions demonstrate an intentional, willful, and malicious disregard for the goodwill associated with Plaintiff's Trademarks, Logo, and Trade Name to Plaintiff's great and irreparable injury.

COMPLAINT

87. As a result of Defendants' actions, Plaintiff has been damaged in an amount not yet determined or ascertainable. At minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Defendants' profits, damages, and costs.

88. Further, in light of Defendants' deliberate and malicious use of confusingly similar imitations of Plaintiff's preexisting rights in the Trademarks, Logo, and Trade Name, and the need to deter Defendants' from engaging in similar conduct in the future, Plaintiff additionally is entitled to punitive damages. Indeed, in engaging in the acts described above, the actions of Defendants were willful, oppressive, fraudulent, and/or malicious and were engaged in with the intent to deprive Plaintiff of their property and in conscious disregard of Plaintiff's rights and the resulting harm thereto. Accordingly, Plaintiff is entitled to an award of punitive damages in a sum according to proof at trial, in accordance with California Civil Code § 3294.

## FIFTH CAUSE OF ACTION

### (Unlawful Business Practices In Violation of

### Cal. Bus. & Prof. Code § 17200 et seq. Against All Defendants)

89. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

90. Defendants' actions as alleged herein constitute unlawful, unfair, and/or fraudulent business acts or practices in violation of California Business and Professions Code § 17200 et seq.

91. Defendants' conduct constitutes a violation of the Lanham Act and the trademark statutes and common law of California and other states.

92. Defendants' conduct is causing confusion and deception among consumers and the general public, it offends public policy as set forth in the Lanham Act and the trademark statutes and common law of California and other states, it is substantially injurious to consumers, and it is without justification.

93. Defendants' conduct is likely to—and has—deceived reasonable consumers, or has the capacity to do so, and Defendants' unlawful use of the Infringing Trademark and Infringing Logo in purely commercial advertising is material.

94. Defendants' unlawful actions described herein have resulted in Defendants making

15

substantial sales and profits through unauthorized use of Plaintiff's intellectual property rights.

95.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has been injured in fact and has suffered financial harm and injury to its reputation and goodwill.  Such harm will continue unless Defendants' acts are enjoined by the Court.  Plaintiff has no adequate remedy at law and therefore is entitled to an injunction prohibiting Defendants from continuing the practices described above.

96.     Not only has Defendants' wrongful conduct harmed Plaintiff, but it has harmed and continues to harm the public, who have been misled and will continue to be misled into believing that the Entity Defendants and any other restaurants utilizing the Infringing Trademark and Infringing Logo are owned by or otherwise associated with Plaintiff.

97.     Plaintiff seeks restitution in this matter, including an order granting an award of Defendants' profits stemming from their infringing activity.

98.     Plaintiff also seeks attorneys' fees pursuant to Code of Civil Procedure § 1021.5.

## **PRAYER**

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment in its favor for each claim set forth above and award Plaintiff relief, including, but not limited to, the following:

1.     An order permanently enjoining Defendants and all those in active concert or participation with Defendants (including, but not limited to, Defendants officers, directors, agents, principals, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, affiliates, successors, assigns and contracting parties) from making any use of (including, but not limited to, developing, distributing, advertising, marketing, promoting, selling, offering for sale, or making available for sale) or seeking to register with any federal or state agency the Infringing Trademark, the Infringing Logo, and the Infringing Trade Name, or any other similar word, design, symbol, device, or combination, in a manner that is likely to cause confusion or mistake, or to deceive, including but not limited to in connection with restaurant and/or bar services, T-shirts, digital coins, or customer membership clubs;

2.     An order directing the Director of the USPTO to invalidate AY's pending U.S. Trademark Application Serial No. 99/435,644;

COMPLAINT

3.     An order awarding:

    a.   Disgorgement of all gains, profits, and advantages derived by Defendants from their unlawful activities described above;

    b.   Actual/compensatory damages in an amount to be determined at trial, including but not limited to corrective advertising, loss to goodwill, a reasonable royalty, and lost profits;

    c.   Punitive/exemplary damages under state law;

    d.   Plaintiff's costs and expenses;

    e.   Plaintiff's reasonable attorneys' fees;

    f.   Prejudgment and post-judgment interest at the maximum legal rate; and

    g.   Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues and claims raised in its Complaint that are triable by jury.

Dated:  August 4, 2026                                   **McKOWN BAILEY**


By: _____
    Aaron M. McKown
    William P. Cassidy, Jr.
    Giovanna Castro-Kalagian
    Attorneys for Plaintiff
    CHUBBY CATTLE INTERNATIONAL, LLC

17

COMPLAINT